## United States *v.* Stone & Downer Corp.

No. 4516.—Invoice dated Liverpool, England, September 11, 1936.
Certified September 12, 1936.
Entered at Boston, Mass., September 24, 1936.
Entry No. 4221.

### Second Division, Appellate Term

(Decided February 8, 1939)

*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the appellant.
*Barnes, Richardson & Colburn* (*Samuel M. Richardson* of counsel) for the appellee.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is an application for review of Reap. Dec. 4455 rendered by Sullivan, Judge, on November 22, 1938, wherein he

adhered to his original decision, Reap. Dec. 4203, rendered December 30, 1937, finding the dutiable value of certain so-called Meccano toys to be the United States value thereof, as set forth in schedule A which was attached to and made part of both of said decisions.

This case was originally before us on an application for review of said decision Reap. Dec. 4203. In our decision (Reap. Dec. 4352) on said application, we remanded the case to the trial judge for the purpose of receiving further evidence as to the existence or nonexistence of a possible foreign value for similar merchandise. In our said decision we stated:

We deem this disposition eminently fair since it is obvious that before the trial judge neither side raised the question as to whether or not there existed a foreign value for merchandise similar to that here involved, all the evidence submitted being directed solely to disproving the existence of a foreign value for "such" merchandise, as found by the appraiser.

In our said decision, we inadvertently stated that under the circumstances there present "the burden of proof shifted to the Government to show that there was an unrestricted market for similar merchandise." After mature consideration we are of the opinion that such burden still rested upon the importer and not upon the Government.

At the hearing on the remand before the trial judge on November 22, 1938, the importer offered the affidavit of Walter Manning Hewitt, which was admitted in evidence as Exhibit 4. The said affiant, already qualified by virtue of a previous affidavit admitted in evidence as Exhibit 1, further testified as follows:

While there are manufacturers in Great Britain who produce merchandise having some degree of similarity to certain of the products of Meccano Limited, it is my opinion that there is no similar merchandise on the British market, whether produced in Great Britain or elsewhere, that would be readily accepted in place of Meccano products, nor any that could be said to be approximately the equal of Meccano products in appearance, utility, value, and general desirability.

The importer also offered in evidence the testimony of Henry Hudson Dobson, who had previously testified in the original case and was recalled. He testified that at the time of the importation of the instant merchandise he was the agent in the United States for Meccano, Ltd., of Liverpool, the exporter herein; that as such agent he was, and for the past twenty-six years had been, thoroughly familiar with the merchandise made by said Meccano, Ltd., and that it was an important part of his duty to familiarize himself with competing merchandise; that when he was in England during the Spring of 1937 he had made an exhaustive study of the whole toy industry of Great Britain at the British Industries Fair, which was an annual event usually held during the last two weeks in February, and at which every manufacturer of note displays his merchandise; that the

toy industry occupied over three floors of the fair building; that as a result of his knowledge acquired in the course of his commercial career he was of the opinion that there was no merchandise in the British market similar to that manufactured by Meccano, Ltd., of Liverpool; and that such statement was based upon his knowledge of what would be considered commercially similar goods or competitive merchandise.

On cross-examination he testified that the exhibition of Meccano toys at the British Industries Fair included all of the articles in the instant cases; that he did not find any toys manufactured by other concerns which bore any similarity to those manufactured by Meccano, Ltd., of Liverpool; that in the case of the airplane outfits those manufactured by Meccano, Ltd., of Liverpool were made of metal stampings, die castings and machine parts, and were beautifully finished with the finest workmanship, whereas those manufactured by other companies were made of flimsy material, not finished at the edges, and cheaply painted; that in the case of speed boats the ones manufactured by Meccano, Ltd., of Liverpool differed from the boats manufactured by other companies both in appearance and quality, and were so designed as to be virtually unsinkable, whereas the speed boats manufactured by other companies were of an inferior type and would sink; and that in the case of all the toys those made by Meccano, Ltd., of Liverpool were easily distinguishable from those made by other concerns.

At the hearing before the trial judge no additional evidence was offered by the Government; but counsel for the Government in his voluminous brief filed herein raises what he conceives to be a new question for the consideration of the court, to wit, that where an exporter is the only producer of an article, thereby maintaining an exclusive market in the article, and where he prescribes certain definite rules, regulations, and restrictions as to use and resale or otherwise of said article, nevertheless the price obtained for such goods from those customers to whom he sells represents the price contemplated by Congress in its definition of foreign value in section 402 (c) of the Tariff Act of 1930.

We have carefully considered this novel contention of the Government and are not impressed with its soundness or validity. In our opinion such a construction of said section 402 (c) would at once eliminate the effect of all the numerous decisions of this court and of the Court of Customs and Patent Appeals regarding what constitutes a controlled market in the country of exportation.

We therefore find the following facts:

1. That the merchandise covered by this application for review consists of so-called Meccano toys made by Meccano, Ltd., of Liverpool.

2. That there is neither a foreign nor an export value for such or similar merchandise.

3. That the proper basis for the determination of the value of the instant merchandise is the United States value thereof.

We therefore hold as a matter of law that the proper values of the instant merchandise are the United States values thereof as set forth in the schedule which is marked A and annexed to and made part of the decision and judgment of the trial judge, Reap. Dec. 4455, *supra*.

The said decision and judgment of the trial judge are therefore affirmed, and judgment will be rendered accordingly.